## EMORY WASHBURN *versus* JOHN GOODWIN.

A mortgagee indorsed the note secured by the mortgage, and assigned the mortgage to the indorsee ; the mortgager afterwards died and the mortgagee, to whom he had devised all his real estate, gave his own note to the assignee for the amount of the first note with the interest which had accrued thereon, there being a memorandum on the second note stating, that, when paid, it would discharge the first note ; the assignee retained the first note and commenced an action on the second, and having recovered judgment, levied the execution on the equity of redemption, and indorsed the proceeds on the first note in part payment thereof. It was *held*, in an action by the purchaser of the equity, that the levy was void, on the principle, that a mortgagee cannot cause a sale to be made of the equity of redemption for the purpose of paying the debt secured by the mortgage.

THIS was a complaint founded on *St.* 1825, *c.* 89, brought to recover certain land and buildings.

By an agreed statement of facts it appeared, that on January 23, 1830, James Goodwin gave his promissory note to his son, John Goodwin, for the sum of $300, and executed a mortgage deed of the demanded premises as collateral security therefor ; that on the same day John Goodwin indorsed the note and assigned the mortgage to Nehemiah Giles ; that in January, 1831, one year's interest was paid on the note ; that in September, 1831, James Goodwin died, and

12 *

<div style="margin-left:..."></div>

Washburn
v.
Goodwin.

by his will devised all his real estate to John, who was then in possession thereof, and appointed him his executor ; that on April 30, 1832, John Goodwin gave his note to Giles, for the sum of $322·35, the amount then due on the note of James, there being a memorandum on the note of John, stating that when paid it would discharge the note of James ; that James Goodwin's note was retained by Giles ; that Giles immediately brought an action on the note of John Goodwin, and, having recovered judgment, delivered the execution to Lyman Moore, a deputy sheriff, who, on February 27, 1833, by virtue thereof, sold John Goodwin's right in equity to redeem the demanded premises to the complainant for the sum of $50 ; that the proceeds arising from the sale of the equity and of some personal property, were indorsed on the note of James Goodwin ; and that on February 28, 1833, Moore executed a deed of the equity to the complainant.

It further appeared, that in 1833 an action was brought by Giles upon the note of James Goodwin, against John Goodwin, as executor ; that judgment was recovered by Giles at the December term of the Court of Common Pleas in 1833 ; and that an execution issued on such judgment was partially satisfied by an extent on real estate supposed to belong to James Goodwin.

Upon these facts, the Court were to render such judgment in favor of one or the other of the parties, as the law might require.

*Sept. 30th.*     *Washburn*, for the plaintiff.  The note of John Goodwin, upon which judgment was recovered, was not for the same debt as that secured by the mortgage ; certainly not so far as regards the interest included in the second note.  If the sale of the equity was void, it operated as a fraud on the complainant, who was the purchaser.  The record of the mortgage deed would show, that the original note was a lien on the land ; but no such notice is given where the date and the parties to the note are entirely different from the one described in the mortgage.

*Newton* and *Smith*, for the defendant, cited *Davis* v. *Maynard*, 9 Mass. R. 242 ; *Watkins* v. *Hill*, 8 Pick. 522 ; *Pomeroy* v. *Rice*, 16 Pick. 22 ; *Atkins* v. *Sawyer*, 1 Pick. 351.

WILDE J. delivered the opinion of the Court. We do not perceive any distinction in principle, between this case and that of *Atkins* v. *Sawyer*, 1 Pick. 351 ; in which it was decided, that a sale of an equity of redemption made for the purpose of paying the debt secured by the mortgage, was unauthorized by law and void. In this case the equity was sold to satisfy in part a judgment recovered by an assignee of the mortgage ; but this makes no difference, for the assignee has the same rights which the mortgagee had, and no greater, and by the sale of the equity he could obtain no additional security. If the mortgage debt had been assigned without the mortgage, the sale would have been valid, according to the decision in *Crane* v. *March*, 4 Pick. 131. But here, the mortgage having been assigned with the debt, the case cannot be distinguished from that of *Atkins* v. *Sawyer*.

Nor does it make any difference, that John Goodwin, the son of the mortgager, after his decease gave his note for the amount due on the mortgage, and that the equity was sold to satisfy a judgment recovered on that note. This note was given merely as additional security, and operated as such as to the sale of the property which was not included in the mortgage. But the mortgage was not discharged. The assignee still held the original note against the mortgager, and the proceeds of the sale of property on the execution against John Goodwin were indorsed on the note against James Goodwin, the mortgager.

On these grounds we are of opinion, that the sale of the equity is void ; and the plaintiff's title fails.

*Plaintiff nonsuit.*